ARMED SERVICES BOARD OF CONTRACT APPEALS

| | | |
|---|---|---|
| Appeal of -- | ) | |
| | ) | |
| ASCT Group, Inc. | ) | ASBCA No. 61955 |
| | ) | |
| Under Contract No. 000000-00-0-0000 | ) | |

APPEARANCE FOR THE APPELLANT:     David J. Muchow, Esq.
                                                 Muchow Law
                                                 Arlington, VA

APPEARANCES FOR THE GOVERNMENT:     Michael P. Goodman, Esq.
                                                 Engineer Chief Trial Attorney
                                                 James D. Stephens, Esq.
                                                 Rebecca L. Bockmann, Esq.
                                               Engineer Trial Attorneys
                                                 U.S. Army Engineer District, Middle East
                                                 Winchester, VA

## OPINION BY ADMINISTRATIVE JUDGE O'SULLIVAN ON RESPONDENT'S MOTION TO DISMISS FOR LACK OF JURISDICTION

     Respondent, the U.S. Army Corps of Engineers (USACE), has moved to dismiss portions of appellant ASCT Group's complaint for lack of jurisdiction. For the reasons discussed below, we deny the motion.

## STATEMENT OF FACTS FOR PURPOSES OF THE MOTION

     On March 31, 2011, USACE awarded a contract to Advanced Contractors International, LLC (ACI) for construction of the Kandahar Regional Police Training Center in Kandahar, Afghanistan. Appellant ASCT Group, Inc. (ASCT) was a subcontractor to ACI for construction of the dining facility, student classrooms, and latrines. On February 19, 2013, the prime contract with ACI was terminated for default. USACE sent notice of the termination to ASCT and other subcontractors on February 25, 2013, stating in part as follows:

> The prime contract between USACE and ACI, LLC for
> construction of the RPTC Project has been terminated by
> USACE for default. . . . When USACE selects the new
> prime contractor, it will give preference to potential prime
> contractors that promise to award subcontracts to the
> companies that formerly had subcontracts under ACI.

. . . .

> Regarding your own company's materials that are on site but were never paid for by ACI, we request that you not remove them. As I explained in our meeting on 14 February, USACE has procedures that it can use to pay you for those materials so that they can be used to finish building the project. Please contact me if you are interested in selling those materials to USACE.

(R4, tab 8)

Pursuant to this request, ASCT safeguarded the materials that were on site and also retained materials it had bought for performance of the contract that were stored in warehouses. Ultimately, on November 27 or 28, 2013, ASCT learned that USACE was cancelling the project, and was informed by USACE on December 7, 2013, that responsibility for any further construction was being transferred to the Afghan government. According to ASCT, after USACE turned over control of the construction site to the Afghan government, ASCT has been prohibited by the Afghan government from removing its materials and equipment from the site. Even if ASCT had been permitted to sell the materials, it believes there would be little to no market since most of the materials were built and custom-sized for the project. (R4, tab 3 at 3, 5)

After unsuccessful attempts to secure payment for its materials from USACE, ASCT submitted a certified claim for $1,898,835.40 on June 27, 2018.[1] Specifically, ASCT claims compensation under a contract implied in fact for materials and equipment purchased for the project, compensation for security personnel and warehousing the equipment and materials, attorneys' fees for the Delaware action, continuing costs of storing the equipment and materials, and interest on the claim. (R4, tab 3 at 1, 3, 7-9)

On October 31 or November 2, 2013 (the document contains both dates), the USACE contracting officer issued a decision on ASCT's claim. The decision found ASCT potentially entitled to the costs of securing the materials and equipment on site from February 25, 2013 to November 28, 2013, on an implied in fact contract theory. This finding was conditional on ASCT's submission of adequate documentation of its incurred costs. All other aspects of ASCT's claim were denied. (R4, tab 2)

---

[1] ASCT also sued ACI in the Superior Court of Delaware and reached a settlement which it alleges reimbursed it only for a small portion of its losses (complaint, count IV, para. 3 at 33; R4, tab 3 at 3).

ASCT appealed from this decision and its appeal was docketed by the Board on February 1, 2019. On September 9, 2019, the government filed the subject motion to dismiss for lack of jurisdiction.

## DISCUSSION AND DECISION

The government's motion to dismiss for lack of jurisdiction is somewhat unusual in that it does not seek dismissal of all or even part of ASCT's claim for compensation, but rather seeks dismissal of only certain allegations contained in ASCT's complaint. In that respect, it more closely resembles a motion to strike under FED. R. CIV. P. 12(f) than a motion to dismiss for lack of jurisdiction.

The government posits that ASCT's complaint "expresses a tort-based agency theory of recovery" or a "negligence-based theory." (Gov't mot. at 2-3 ¶¶ 5-7) One example of the former is the statement "All materials, whether on-site or warehouses [sic], were ordered and procured before the termination of the . . . project and accepted by the government through its agent, ACI." (Complaint, count II, para. 8.e. at 21-22)[2] An example of the latter is the statement "The Government's Own Negligence in Failing to Properly Investigate and Supervise ACI as a Prime Contractor, Directly Caused ASCT's Claimed Losses." (Complaint, count IV, para. 9 at 35)

The government also points to language which it believes expresses a conversion or just compensation (i.e., Fifth Amendment taking) based theory of recovery. An example is the following statement: "Because of the Government's direction to leave supplies and materials on the Project site, the Government has received a substantial benefit without pay [sic] for its value. In effect, ASCT's materials and equipment have been essentially seized by the Government and turned over to the Afghan Government, without just compensation in violation of Appellant's Fifth amendment rights." (Complaint, count IV, para. 8 at 35)

Appellant responds that its claim before this Board is clearly based on implied-in-fact contract doctrine, that the allegations the government seeks to strike either reference other potential causes of action which the appellant reserves the right to bring in appropriate venues, or serve to place appropriate background facts before the Board (app. "answer" mot. at 1-2).

---

[2] The structure of ASCT's complaint is unorthodox. There are five counts that do not represent distinct causes of action and a separate section of the complaint entitled Summary of the Factual Background. Paragraph numbering begins anew with each such section or count. Factual allegations are spread out among the five counts and the Summary. For clarity, citations to the complaint will include count or section, paragraph number, and page.

3

ASCT's complaint discusses at length why its claim satisfies the required elements of an implied in fact contract (complaint, count III at 25-32). This section of ASCT's complaint mirrors a similar section of ASCT's claim submitted to the contracting officer (R4, tab 3 at 7-9). In contrast, the "tort" or "just compensation" language of which the government complains appears in what are largely factual allegations. We read ASCT's complaint as seeking relief either arising out of an implied in fact contract or recoverable as a result of breach of that contract. We do not construe any portion of ASCT's complaint as seeking recovery based on tort or a Fifth Amendment taking.

Both parties agree that the Board has jurisdiction over an implied in fact contract claim. Both parties also agree that the Board does not have jurisdiction over claims sounding in tort independent of a contract, and does not have jurisdiction of Fifth Amendment taking claims. Since we do not find that we have before us any claim for relief that is not based on contract, we deny the government's motion to dismiss portions of ASCT's complaint for lack of jurisdiction.

We note that under FED. R. CIV. P. 12(f) a court may "order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent or scandalous matter." A court, or this Board, has considerable discretion in deciding such a motion. Such motions are generally disfavored, though, and have often been denied even when literally correct where there has been no showing of prejudicial harm to the moving party. *Godfredson v. JBC Legal Group*, 387 F. Supp. 2d 543, 547-48 (E.D.N.C. 2005).

## CONCLUSION

The government's motion to dismiss for lack of jurisdiction is denied.

Dated: February 27, 2020

LYNDA T. O'SULLIVAN
Administrative Judge
Armed Services Board
of Contract Appeals

(Signatures continued)

4

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

OWEN C. WILSON
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 61955, Appeal of ASCT Group, Inc., rendered in conformance with the Board's Charter.

Dated:

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals

5